**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br><br>**- v -**<br><br>**STANLEY CLEMENTS**<br>Defendant. | **Case No.: CR99-00074ML** |

**MOTION TO MODIFY AN IMPOSED TERM OF IMPRISONMENT**

**PURSUANT TO TITLE 18 USCS §3582**

**NOW COMES**, Stanley Clements, Defendant, acting "Pro Se", who respectfully moves this Honorable Court to **GRANT** his motion to modify an imposed term of imprisonment, pursuant to **Title 18 USCS §3582(c)(2).**

## I. INTRODUCTION

On January 21, 2000, Stanley Clements (hereafter referred to as only "Clements") was sentenced to a one hundred fifty-one (151) month term of imprisonment after entering a plea of guilty to Count One of the indictment. Count One is as follows:

**Title 21 USCS §846**: Attempt and Conspiracy

Clements is currently serving his term of imprisonment in the custody of the Federal Bureau of Prisons (**FBOP**) while being housed

at Federal Prison Camp-McKean, in Bradford, PA. Clements is also currently enrolled in the Residential Drug & Alcohol Program **(RDAP)**, a 500 hour treatment program for drug and alcohol abuse; it also addresses the criminal thinking errors that are made among imprisoned persons.

## II. ARGUMENT

Clements previously filed a motion pursuant to **Title 18 USCS §3582**, and that motion was denied on March 5, 2008. Clements previous motion was denied due to the fact that he was sentenced under "Career Criminal", pursuant to the United States Sentencing Guidelines **(USSG) §4B1.1.** At this time, Clements moves to refile his motion, pursuant to **Title 18 USCS §3582**, for the foregoing reasons.

### (1) Career Criminal

The U.S. Attorney's Office, along with this Honorable Court, immediately disqualified Clements from any form of sentence reduction, simply because he was sentenced under "Career Criminal". Clements argues that despite that fact he may have been sentenced as a career offender, this could could still reduce his sentence based upon **Kimbrough v United States**, 2007 U.S. Lexis 13802(12/10/07). Also Clements argues that the "Career Criminal Offender" provisions themselves are **NOT** based upon empirical evidence **(a claim supported by a 2004 US Sentencing Commission report)**, and thus, **Kimbrough**'s holding allows disagreement with the career offender provisions. Finally, though Clements criminal history technically provided for a "Career Criminal" adjustment, his criminal history was truly aggravating.

On November 1, 2007, the US Sentencing Commission went one step further by amending chapter four of the **USSG** which is titled: CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD. In the amendment, the Commission refers back to their 2004 report: Measuring Recisivism: The Criminal History Computation of the Federal Sentencing Guidelines. They also examined how state guidelines treat minor offenses.

Throughout the years, some courts adopted a "common sense" approach, see: **United States v Hardeman**, 933 F.2d 278, 281 (5th Cir. 1991). **Hardeman** states: "This "common sense approach" includes consideration of all relevant factors of similarity such as 'punishments imposed for the listed and unlisted offenses, the preceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.'" See also: **United States v Martinez-Santos**, 184 F.3d 196, 205-06 (2nd Cir. 1999)(adopting from **Hardeman**).

**(2)** **Amendment 706** (Cocaine Base ("CRACK") Amendment)

Clements realizes that since March 3, 2008 (and prior to), this Honorable Court has become very familiar with this amendment. Due to Amendment 706, thousands of individuals convicted under a cocaine base ("CRACK") violation, have received time off their sentence. However, there have been times that some individuals, such as Clements in his previous motion, were denied either because of being sentenced under a "Mandatory Minimum" or as a "Career Criminal". In furhter research of Amendment 706, there is no instruction, nor indication, that such a denial is warranted.

In Amendment 706 and AMendment 709, the Commission makes is **VERY CLEAR** that the sentencing scheme used in the **USSG** is not only

ineffective of its original intent, but is is also to harsh in the degree of sentences handed down.

## <u>III. RELIEF REQUESTED</u>

On November 1, 2007, the United States Sentencing Commission issued twelve (12) new amendments to the **USSG.** As stated previously, the amendment to the **Cocaine Base ("CRACK")** guidelines is of special interest to the merit of this instant motion. Also significant to the merit of this motion is the Supreme Court's ruling in **<u>Kimbrough</u>**, which has significant impact on in regards to the calculation of **Cocaine Base ("CRACK")** and its quantity in regards to sentencing.

Clements was sentenced under **USSG §2D1.1**, with an offense level of **29 (CH VI)**, that falls into a guideline range of 151 - 188 months. As stated above, Clements received a one hundred fifty-one (151) month term of imprisonment. With the minimum of a two-level reduction in his sentence, Clements would fall into a guideline range of 130 - 162 months; likely to receive the low end of the guideline range, **one hundred thirty (130) months.** That alone would be a reduction of **TWENTY-ONE (21) MONTHS OFF HIS CURRENT SENTENCE**, thereby resulting in his **IMMEDIATE RELEASE.**

If Clements was to receive consideration under the recalculation of his criminal history, that could result in **ADDITIONAL YEARS OFF HIS ORIGINAL SENTENCE.** Also, if this Court were to **VACATE & REMAND** Clements, he would be eligible for resentencing under the rule of **<u>Booker</u>**, due to the fact that he was sentenced prior to 2004.

On November 13, 2007, the Sentencing Commission met to discuss the retoractive application of the November 1, 2007 amendments. On

December 12, 2007, just two (2) days after the United States Supreme Court's landmark ruling in **Kimbrough**, the Sentencing Commission voted **UNANIMOUSLY** to make the amendments retroactive; to begin on or after March 3, 2008.

as stated above, under the application of the retroactive amendment alone, Clements could receive up to **TWENTY-ONE (21) MONTHS OFF HIS CURRENT SENTENCE.** Clements respectfully ask this Honorable Court to **VACATE** his current sentence of one hundred fifty-one (151) months, and **REMAND** his case back for resentencing, pursuant to **Title 18 USCS §3582(c)(2).**

## IV. PRO SE FILING

Clements has filed this instant motion "Pro Se" and ask this Honorable Court that he be liberally construde as to the form and content of this motion. See: **Haines v Kerner**, 404 US 519, 520(1972): "...pro se complaints held to less stringent standard than formal papers presented by lawyers.".

## V. CONCLUSION

In conclusion, Clements again respectfully ask this Honorable Court to **VACATE & REMAND** is current sentence pursuant to **Title 18 USCS §3582(c)(2).**

Respectfully Submitted,

May 12, 2008

________________________

Stanley Clements
Fed. No.: 04744-070
Federal Prison Camp-McKean
P.O. Box: 8000
Bradford, PA 16701

December 12, 2007, just two (2) days after the United States Supreme Court's landmark ruling in **Kimbrough**, the Sentencing Commission voted **UNANIMOUSLY** to make the amendments retroactive; to begin on or after March 3, 2008.

as stated above, under the application of the retroactive amendment alone, Clements could receive up to **TWENTY-ONE (21) MONTHS OFF HIS CURRENT SENTENCE.** Clements respectfully ask this Honorable Court to **VACATE** his current sentence of one hundred fifty-one (151) months, and **REMAND** his case back for resentencing, pursuant to **Title 18 USCS §3582(c)(2).**

## IV. PRO SE FILING

Clements has filed this instant motion "Pro Se" and ask this Honorable Court that he be liberally construde as to the form and content of this motion. See: **Haines v Kerner**, 404 US 519, 520(1972): "...pro se complaints held to less stringent standard than formal papers presented by lawyers.".

# CERTIFICATE OF SERVICE

I, Stanley Clements, swear that I have delivered an exact and true copy of the foregoing motion to the United States Attorney's Office, **AUSA / Zechariah Chafee**, by US mail, postage pre-paid, to the following last known address:

AUSA Zechariah Chafee
US Attorney's Office
50 Kennedy Plaza
8th Floor
Providence, Rhode Island
02903

On this, the 12th day of May, 2008.

Respectfully,

Stanley Clements 04744-070

Stanley Clements