**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br><br>- v -<br><br>**STANLEY CLEMENTS**<br>Defendant. | **Case No.: CR 99-00074 ML** |

**MOTION TO MODIFY AN IMPOSED TERM OF IMPRISONMENT**

**PURSUANT TO TITLE 18 USCS §3582**

**NOW COMES**, Stanley Clements, Defendant, acting "Pro Se", who respectfully moves this Honorable Court to **GRANT** this instnat motion to modify an imposed term of imprisonment, pursuant to **Title** 18 USCS §3582(c)(2).

## I. PROCEDURAL HISTORY

As this Court is well aware, the Defendant, Stanley Clements (hereafter, only "Clements"), has previously filed for relief from this Honorable Court, pursuant to **Title 18 USCS §3582(c)(2)**, on two separate occasions.

The first occasion in which Clements filed a motion pursuant to Title 18 USCS §3582(c)(2), was in February of 2008. This motion was filed pursuant to the Amendments to the **United States Sentencing**

**Guidelines** (hereafter, only **"USSG"**), specifically Amendment 706, regarding the calculation of a sentence involving **Cocaine Base ("CRACK")**. Subsequently, on March 5, 2008, two days after the rule under Amendment 706 became retroactive, this Honorable Court denied Clements motion. In the **ORDER**, this Court stated that due to the fact that Clements was sentenced under career offender, pursuant to **USSG §4B1.1**, the new amendment, therefore, is not applicable to Defendant's sentence.

Again on May 12, 2008, Clements filed, yet another motion, seeking relief on his sentence, pursuant to **Title 18 USCS §3582(c)(2)**. In this, his second motion, Clements argues that being sentenced under "Career Criminal", pursuant to the **USSG, DOES NOT**, in fact, make him ineligible for the reduction of sentence pursuant to Amendment 706. However, this Honorable Court again denied Clements motion on June 4, 2008, citing the reason for denial as the same reasons set forth in the Court's ORDER denying his (Clements) earlier request.

This now brings us to the instant motion in which Clements will, again, argue that he being sentenced under "Career Criminal" has no effect on his eligibility in regards to Amendment 706.

## II. ARGUMENT

Clements contends that being sentenced under "Career Criminal" pursuant to **USSG §4B1.1**, **DOES NOT** have any relevant effect on his eligibility in regards the two-level reduction of offense level that is provided by Amendment 706 as per the United States Sentencing Commission.

In Clements second motion, he argued that the "Career Criminal Offender" provisions themselves are **NOT** based upon empirical evidence **(a claim supported by the United States Sentencing Commission's report of 2004)**. Clements also argues that in **United States v Kimbrough**, 2007 US Lexis 13802(12/10/07), the United States Supreme Court's ruling supports the disagreements with the "Career Offender" provisions. In the closing of this specific argument, Clements points out that his criminal history was truly, only, aggravating.

Since Clements denial on June 5, 2008, this Circuit specifically has made a ruling which supports his earlier argument, thus supporting his eligibility under Amendment 706. That ruling was: **United States v Boardman**, 1st Circuit, No.: 07-1030(6/11/08). The Court said that the lesson from the United States Supreme Court's recent decision regarding crack cocaine sentences is that "district judges may deviate from the guidelines even on the basis of categorical policy disagreements with its now-advisory provisions". The U.S. Supreme Court case they are referring to is none other than, **Kimbrough**, the same case that Clements cited in his second motion. Specifically they are referring to a quote by Chief Judge Michael Boudin: "[W]e do not see why disagreement with the Commission's policy judgement (as expressed in the guideline as we interpreted in Flore) would be any less permissible a reason to deviate than disagreement with the guideline policy judgement at issue in **Kimbrough**."

The Court's authority to reduce an already imposed sentence flows from **Title 18 USCS §3582(c)**, which provides, in relevant part:

> ...in the case of a defendant who has been sentenced to a term of imprisonment based in a sentencing range that has subsequently been lowered by the Sentencing Commission...upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the

> court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

**Title 18 USCS §3582(c)(2)** (emphasis added).

The statute provides no elaboration of it means for a sentence to have been "based on" a particular sentencing range. The meaning of such words in common usage therefore "should be accorded their customary meaning." **United States v Thompson**, 32 F.3d 1, 13-14 (1st Cir. 1994); **United States v Watson**, 128 S.Ct. 579, 583 (2007)(explaining that absent a statutory definition, meaning turns on the language we normally speak).

Dictionary definitions of "based" include "to find a basis for," "establish" and "to form or make base for." Webster's II New River side University Dictionary 155 (1994). Definition of "basis", in turn, include "a supportive element," "foundation," "the chief component or fundamental ingredient," and "an essential principle," Id.@ 156. "Base" has multiple definitions, including "basis" and "supporting layer or part." Id.@ 155.

Notably, these definitions do not exclude - indeed, they affirmatively contemplate - a multiplicity of "bases", e.g., "**an** essential principle," **NOT** "**the** essential principle." Nor does section 3582 require that a defendant's sentence be based **SOLELY** upon a subsequently amended sentencing range. To the extent there is any ambiguity in the statute, the rule of lenity would require in favor of the defendant and an enlarged sphere of eligibility. See: **United States v Santos**, 128 S.Ct. 2020, 2008 WL 2229212 @ *5 (June 2, 2008): "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them."

Here, there can be know dispute that Clements sentence was based, at least in part, on the subsequently-amended **USSG** in regards to offenses involving **Cocaine Base ("CRACK")**. The imposition of a sentence that is a "Career Criminal", is still a sentence that is based on the **USSG**, and **NOT** a sentenced mandated by a federal statute.

Moreover, in any sentencing for a **Cocaine Base ("CRACK")** offense- whether of not an enhancement such as "Career Criminal" is applied - the court is always **REQUIRED** to calculate the crack guideline and consider it in determining and imposing the ultimate sentence. Under **Title 18 USCS §3553(a)(4)(A)**, the Court as sentencing is required to consider "the **sentencing range established...for the applicable category of offense** committed by the applicable category of defendant as set forth in the guidelines" (emphasis added). Notably, the statute commands the Court to consider, specifically and seperately, the sentencing range for the type of offense (inter alia, the applicable guideline, base offense level, specific offense characteristics, ect...). Thus, even where a defendant is ultimately determined to be a "Career Offender", the statute nevertheless requires the Court to **consider the sentencing range for the underlying offense itself** - here, the subsequently amended **USSG** in regards to Amendment 706.

## III. RELIEF REQUESTED

Clements ask that this Honorable Court **GRANT** this instant motion and modify his imposed term of imprisonment, by reducing his sentence as required according to Amendment 706. Clements was

sentenced pursuant to the **USSG §2D1.1**, with an offense level of **29 (CH VI)**, that falls into a guideline range of **151 - 188 months.** As this Court is aware, Clements was subsequently sentenced to **One Hundred Fifty-one (151) Months.** With a minimum two-level reduction in his term of imprisonment, Clements would fall to guideline range of **130 - 162 months**; likely to receive the low end of that guideline, **One Hundred Thirty (130) Months.** That alone would be a reduction of **TWENTY-ONE (21) MONTHS OFF HIS CURRENT TERM OF IMPRISONMENT**, thereby resulting in Clements **IMMEDIATE RELEASE!!!**

For this Court to **GRANT** this motion, it need only rule in the favor of Clements. This Court would not be the first court to grant such a motion, that being a reduction of sentence for a "Career Offender" in regards to the **USSG** amendment, Amendment 706. As a matter of fact, besides that cases already cited, there have others. Such as: **United States v Poindexter**, 2008 WL 1946821 (E.D. PA 5/2/08) and **United States v Nigatu**, 2008 WL 9266561 (D.Minn 4/7/08). In these cases, as here, these courts could could readily conclude that the original sentence was "based on" the amended guideline, Amendment 706, rather than the "Career Offender" guideline, then imposed an actual sentence that was within the subsequently amended guidelines. The reasoning of these cases, however, demonstrates that awareness of the crack guideline always plays a role in sentencing, even if the court ultimately declines to depart from the "Career Offender" range.

## IV. PRO SE FILING

Clements ask that this Honorable Court construe the content

and form of this instant motion liberally. He also ask that this Honorable Court give him any benefit of the doubt in regards to cited case law and supporting statements. See: **Haines v Kerner**, 404 US 519 (1972): "...pro se complaints are held to a less stringent standard than formal papers presented by lawyers."

## V. CONCLUSION

For the foregoinging reasons, Clements ask this Honorable Court to **GRANT** this motion to Modify an Imposed Term of Imprisonment, Pursuant to **Title 18 USCS §3582(c)(2)**.

Respectfully Submitted,

[signature] July 7, 2008

Stanley Clements
**"Pro Se"**
Fed. No.: 04744-070
Federal Prison Camp-McKean
P.O. Box: 8000
Braadford, PA 16701

## CERTIFICATE OF SERVICE

I, Stanley Celments, swear that I have delivered an exact and true copy of the foregoing motion to the United States Attorney's Office, **AUSA / Zechariah Chafee**, to their last know address:

AUSA Zechariah Chafee
US Attorney's Office
50 Kennedy Plaza
8th Floor
Providence, Rhode Island
02903

This motion was sent by regular US Mail, postage pre-paid, on this, the 7th day of July, 2008.

Respectfully,

Stanley Clements